AO 91 (Rev. 11/11) Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Kathryn Boyles | Telephone: | (313) 226-9556 |
| Officer: | Jeremy Ferguson | Telephone: | (313) 393-3793 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Christopher ALCALA-QUIROZ

Case No. 2:25-mj-30311
Judge: Unassigned,
Filed: 05-13-2025 At 05:05 PM
CMP USA V. CHRISTOPHER
ALCALA-QUIROZ (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 9, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

On or about May 9, 2025, in the Eastern District of Michigan, Southern Division, Christopher ALCALA-QUIROZ an alien from Mexico was found in the United States after having been denied admission, excluded, deported, and removed there from on or about October 19, 2024, and not having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☑ Continued on the attached sheet.

_____
Complainant's signature

Jeremy Ferguson, Enforcement Officer
Printed name and title

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: May 13, 2025

_____
Judge's signature

City and state: Detroit, MI

Elizabeth Stafford, U.S. Magistrate Judge
Printed name and title

## **AFFIDAVIT**

I, Jeremy J. Ferguson, being duly deposed and sworn states:

1. I am an Enforcement Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for over twenty-one years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning the re-entry of removed aliens and I have received training in this area.

2. The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, Christopher ALCALA QUIROZ, is a 21-year-old male native and citizen of Mexico, who last entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected, or paroled into the United States by an immigration officer.

4. In the morning on May 9, 2025, ALCALA QUIROZ was encountered by CBP at the Detroit – Canada Tunnel in Detroit, Michigan when he, his co-traveler and the vehicle he was driving were refused admission into Canada by Canada Border Services Agency (CBSA). Upon being returned to the U.S. side of the border, CBP conducted an initial inspection. ALCALA QUIROZ presented a letter from CBSA showing that he had not been allowed into Canada while using an alias, "Jose Antonio Alcala Quiroz." CBP referred him to secondary because he had no proof of citizenship or valid immigration documents.

5. In secondary, a CBP Officer asked ALCALA QUIROZ to confirm his name. ALCALA QUIROZ replied, "Jose Antonio." The CBP Officer asked him to write down his name and date of birth. He wrote "Jose Antonio Alcala Quiroz" and

1

"December 9, 2001." ALCALA QUIROZ later admitted that it was his brother's name and date of birth and that he misunderstood the question.

6. In the secondary inspection area ALCALA QUIROZ's fingerprints were queried through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which resulted in matches to Fingerprint Identification Number (FIN) and FBI number, which correspond to the prior arrests and immigration actions noted below.

7. His fingerprints also matched to a National Crime Information Center (NCIC) arrest warrant out of Hennepin County Sheriff's Office in Minneapolis, Minnesota for receiving stolen property, which was confirmed with the originating agency, for in-state pickup only.

8. I queried ALCALA QUIROZ through immigration databases and found that on or about January 12, 2024, ALCALA QUIROZ was arrested by US Border Patrol at or near Cheektowaga, New York and was found to be present within the United States without having been admitted or paroled by an immigration officer. He was served with a Notice to Appear for removal proceedings before an immigration judge.

9. On or about January 29, 2024, ALCALA QUIROZ was ordered removed from the United States by an immigration judge in Batavia, New York. On or about February 21, 2024, ALCALA QUIROZ was removed from the United States to Mexico via Brownsville, Texas.

10. On or about September 17, 2024, ALCALA QUIROZ was arrested by US Border Patrol at or near Nogales, Arizona. After determining that he was unlawfully present in the United States, Border Patrol reinstated his prior removal order. ALACAL QUIROZ was removed to Mexico the same day via Nogales, Arizona.

11. On or about September 21, 2024, ALCALA QUIROZ was again arrested by US Border Patrol at or near Nogales, Arizona. After again determining that he was unlawfully present in the United States, Border Patrol again reinstated his prior removal order.

12. On or about October 9, 2024, ALCALA QUIROZ pleaded guilty to one count of Improper Entry by Alien, in violation of Title 8, United States Code, Section 1325(a)(1), in the United States District Court for the District of Arizona and was sentenced to serve 30 days' incarceration, with credit for time served.

13. On or about October 19, 2024, ALCALA QUIROZ was removed from the United States to Mexico via Nogales, Arizona.

14. I queried ALCALA QUIROZ through the Central Index System (CIS) and Computer Linked Application and Information Management System (CLAIMS). These databases are maintained by DHS and contain information relating to applications for immigration benefits and/or relief. Review of the records for ALCALA QUIROZ and queries in Department of Homeland Security databases confirm that no record exists of him obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States after his removal on October 19, 2024.

15. I queried ALCALA QUIROZ through the Consular Consolidated Database (CCD), a database maintained by the Department of State which contains passport and visa applications and records. I found no record of ALCALA QUIROZ ever having applied for or receiving a U.S. visa of any kind or classification.

16. I queried ALCALA QUIROZ through TECS, a US government database that contains information about all persons who arrive in the United States at designated ports of entry and apply for admission. I found no record of ALCALA QUIROZ ever lawfully arriving or being inspected, admitted, or paroled into the United States by a U.S. border official.

17. ALCALA QUIROZ was arrested and detained by CBP on May 9, 2025 for administrative processing reinstatement of his prior removal order.

18. I advised ALCALA QUIROZ of his Miranda rights verbally and in writing with the assistance of another CBP Officer translating in Spanish. ALCALA QUIROZ acknowledged his rights and agreed to answer questions without a lawyer being present. During the recorded interview, ALACAL QUIROZ admitted that he was deported and removed from the United States three times. He claimed that his family

3

paid a "coyote" (commonly used term for alien smuggler) an unknown amount of money to help him illegally cross the border from Mexico into Arizona approximately six months ago. He admitted that he never obtained permission to re-enter the United States. He claimed that he traveled from New Chicago, Indiana to visit Michigan for pleasure and that he had no family or friends in the state.

19. The aforementioned arrest was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

20. Based on the foregoing, there is probable cause to believe that, on or about May 9, 2025, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Christopher ALCALA QUIROZ an alien from Mexico, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about October 19, 2024 at or near Nogales, Arizona, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

_____
Jeremy J. Ferguson
Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and signed in
my presence this 13th day of May, 2025

_____
Elizabeth A. Stafford
United States Magistrate Judge

4